**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA

v.

CESAR MORALES,

Defendant.

Criminal Action No.
1:25-cr-429-VMC-CCB

**ORDER**

This matter is before the Court on the Government's Motions to Continue Trial ("Motions," Docs. 84, 86). For the reasons that follow, the Government's Motions are denied.

**Facts**

On September 23, 2025, Cesar Morales was indicted for knowingly engaging in, and attempting to engage in, a sexual act with a child who was not yet 12 years old, in violation of 18 U.S.C. § 2241(c) and 49 U.S.C. § 46506(1), and knowingly engaging in sexual contact with a child who was not yet 12 years old, in violation of 18 U.S.C. § 2244(a)(5) and 49 U.S.C. § 46506(1). (Doc. 12). Mr. Morales entered a not guilty plea on October 8, 2025. (Doc. 18). The case was certified ready for trial on March 3, 2026 and the next day, the Court scheduled the trial for April 16, 2026. The parties jointly moved to continue the trial (Doc. 50) and as a result, on March 6, 2026, the trial was continued to July 22, 2026. (Doc. 51).

On July 8, 2026, the Court held a pretrial conference during which both parties appeared ready for trial. (*See* Doc. 83). However, that evening, the Government filed its first motion to continue the trial for two months because it had just learned the minor victim was out of the country until September. (*See* Doc. 84 at 1). The Government asserted that a continuance would serve the ends of justice and that not granting the continuance would result in a miscarriage of justice. (*See* Doc. 84) (citing 18 U.S.C. § 3161(h)(7)(B)(i)).

On July 10, 2026, the Court held a telephone conference with the parties to discuss the Government's first motion. (*See* Doc. 85). After hearing from the Government, the Court indicated that it was not inclined to grant the first motion because it lacked sufficient information to make findings in the Government's favor. The Court also inquired why the Government could not subpoena the minor in Guatemala and pay for her travel expenses. *See* 28 U.S.C. § 1783. The Court gave the Government a deadline of July 13, 2026 to supplement its motion.

On July 13, 2026, the Government filed its second motion for a continuance. (Doc. 86). The second motion explains how the Government was unable to reach or locate the minor's mother until July 8, 2026. (*Id.* at 1–2). On July 8, the case agent finally reached the minor's mother and learned that the minor had left the previous week to spend the summer in Guatemala and would not return until September. (*Id.* at 2). Although the mother had received written notifications about

court hearings, she believed that she and the minor could testify by telephone or video. (*Id.*). The Government asserted that because the minor was an essential witness, its request for a two-month continuance was warranted and that the time between the current trial date and the new trial date should be excluded under the Speedy Trial Act. (*Id.* at 3) (citing 18 U.S.C. § 3161(h)(3)). The Government did not provide any explanation as to why it could not subpoena the minor.

## Discussion

The Government relies on two provisions of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* in its Motions. The first provision permits the Court to grant a continuance after finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). However, no continuance under this provision "shall be granted because of . . . failure to obtain witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C). The second provision permits exclusion of a period of delay caused by the unavailability of an essential witness and explains that "an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B).

Here, the Government did not act diligently to obtain the minor's presence for trial. The parties have had over four months to prepare for trial and yet the Government failed to subpoena the minor. Taking this basic step would have alerted the minor's mother to the requirement that the minor attend the trial in person. The Government's failure to subpoena the minor demonstrates a lack of diligence. *See United States v. Holt*, 777 F.3d 1234, 1269 (11th Cir. 2015) (noting that not timely subpoenaing a witness showed a lack of diligence); *United States v. Alejandro*, 118 F.3d 1518, 1523 (11th Cir. 1997) ("If the appellant regarded Wilson's testimony as important, due diligence required that a subpoena be issued to secure his attendance."). Furthermore, it appears that besides mailings about court dates, the Government has not had any contact with the minor's mother for months. Thus, this is not a situation where a witness indicated that they did not need a subpoena to appear and then changed their mind on the eve of trial. Nor is the Government arguing that the minor (or her mother) was avoiding trial. Instead, it appears that the Government failed to keep in touch with the minor's mother so that the minor would be available for trial. Finally, the Government has failed to explain why it could not subpoena the minor and/or make financial arrangements to help the minor return from Guatemala for trial on July 22, 2026.[1] Therefore,

---

[1] It appears that a flight between Guatemala City and Atlanta is less than four hours, which is not so long that it would make travel back for the July 22 trial date impracticable.

4

while the minor is essential, the Court cannot find that she is "unavailable" as that term is described in 18 U.S.C. § 3161(h)(3)(B).

For the foregoing reasons, the Court finds that the Government has not met its burden, and moreover the Court will not exercise its discretion to grant a continuance. The Court **DENIES** the Government's Motions (Docs. 84, 86) for a continuance of the trial scheduled for July 22, 2026. The Government is **DIRECTED** to notify the Court and counsel for Mr. Morales as to whether it will be proceeding to trial next week by **5:00 P.M. on FRIDAY, JULY 17, 2026**.[2]

**SO ORDERED** this 16th day of July, 2026.

_____
Victoria Marie Calvert
United States District Judge

---

[2] Such advance notice would save Court resources that would be used to obtain jurors for trial and to address outstanding discovery issues raised by defense counsel at the pretrial counsel. Furthermore, Mr. Morales has retained an expert to testify at trial and will be himself driving from Rhode Island to attend the trial (and presumably meet with counsel in preparation for trial) early next week. Finally, the parties' jury instructions are due on Monday, July 20, 2026. Therefore, advance notice of the Government's intention is reasonable.